**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROSALIND HOLMES,

      Plaintiff,

    vs.

LANDINGS AT BECKET RIDGE
HILLS PROPERTIES, LLC, et al.,

      Defendants.

Case No. 1:26-cv-15

Hopkins, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action against Landings at Beckett Ridge, Hills Properties, LLC, Lakefront at West Chester, PLK Communities, Inc., Latitude Apartments, PLK Communities, Inc., Four Bridges Apartments, Towne Properties Asset Management Co., National Credit Systems, Inc. ("NCS"), Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of Plaintiff's amended complaint[1] to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).[2]

---

[1] While the court was finalizing the screening order on Plaintiff's original complaint, Plaintiff filed for leave to file an amended complaint. In the interest of judicial economy, the court choose to abandon the screening order of the original complaint and instead screened the amended complaint.

[2] Plaintiff filed a motion for leave to file an amended complaint on March 24, 2026. (Doc. 9). However, at this stage of the litigation, Plaintiff may file an amended complaint as of right without leave of Court. (See Fed. R. Civ. P. 15(a)(1). This motion is addressed by separate Order.

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).   To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are Afantastic or delusional@ in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915 (e)(2)(B)(ii).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true,

2

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff alleges that Defendants engaged in discriminatory housing practices, failure to accommodate disability, retaliation for protected activity, interference with housing rights, and misuse of eviction and rental debt information, resulting in prolonged homelessness, unemployment, and ongoing exclusion from housing. Notably, Plaintiff's complaint makes numerous references to her evictions from Lakefront at West Chester and Four Bridges Apartment. The court may take judicial notice of the state court

3

record. *See Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 454-55 (N.D. Ohio 2012) (finding that a court may take judicial notice of another court's docket where, inter alia, the plaintiff referred to or attached the public record to the complaint); Slusher v. Reader, No. 2:18-cv-570, 2019 WL 1384423, 2019 U.S. Dist. LEXIS 51706 (S.D. Ohio Mar. 27, 2019)(same).  Notably, on June 16, 2021, Lakefront filed a complaint for eviction and money damages against Ms. Holmes in the Butler County, Ohio Area III Court. *Lakefront at West Chester, LLC vs. Rosalind Holmes*, Case No. CVG 2100651.  The state court denied Plaintiff's motion to stay the writ of execution and ordered Plaintiff to vacate the premises. Holmes moved to set aside the eviction judgment.  The motion was denied. Plaintiff also attempted to remove the state court action to this Court, but the matter was remanded for lack of subject matter jurisdiction.  See *Lakefront at W. Chester, LLC v. Holmes*, No. 1:21-CV-444, 2021 WL 3375342, at *1 (S.D. Ohio July 19, 2021), *report and recommendation adopted,* No. 1:21CV444, 2021 WL 3370251 (S.D. Ohio Aug. 3, 2021). Plaintiff then appealed the decision to the Ohio Court of Appeals.  The appeal was dismissed as moot. See *Lakefront of West Chester, LLC v. Holmes*, 2022-Ohio-1545, CA2021-09-108.

In this action, the majority of her asserted claims arise out of the eviction proceedings.  Namely, the amended complaint asserts the following claims:

**COUNT I**
**Fair Housing Act- Disability Discrimination (42 U.S.C. § 3604)**

**COUNT II**
**Fair Housing Act- Retaliation and Interference (42 U.S.C. § 3617)**

**COUNT III**
**Americans with Disabilities Act (42 U.S.C. § 12182)**

**COUNT IV**

4

**Fair Credit Reporting Act (15 U.S.C. § 1681s-2)**

**COUNT V**
**Fair Housing Act- Interference, Coercion, and Retaliation Based on Debt Reporting and Post-Tenancy Conduct**

**COUNT VI**
**Intrusion Upon Seclusion (Ohio Common Law)**

**COUNT VII FCRA**
**Failure to Conduct Reasonable Reinvestigation (Against Equifax & TransUnion) (15 U.S.C. § 1681i)**

**COUNT VIII FCRA-**
**Failure to Follow Reasonable Procedures (Against CRAs) (15 U.S.C. § 1681e(b))**

**COUNT IX FCRA-**
**Furnisher Liability (Against National Credit Systems) (15 U.S.C. § 1681s-2(b**

**COUNT X FDCPA**
**Violations (Against National Credit Systems) (15 U.S.C. § 1692 et seq.)**

**COUNT XI Fair Housing Act**
**Retaliatory Blacklisting via Credit Reporting**

(Doc.9-1, pp. 3-8)

Liberally construed, the undersigned finds that Plaintiff may proceed with her claims under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. Notably, Plaintiff alleges that Defendants furnished eviction and inaccurate rental debt information to tenant-screening agencies and consumer reporting agencies. In February 2025 and March 2026, Plaintiff alleges she disputed this information and Defendants verified it without reasonable investigation. As a result, Plaintiff contends she has been repeatedly denied housing and employment. In light of the foregoing, Plaintiff contends that Defendants' conduct continues to cause ongoing irreparable harm, including homelessness and inability to secure housing. Plaintiff further asserts that Defendant

5

National Credit Systems continued collection activity without proper validation, reported the disputed debt as valid and used credit reporting as a collection mechanism. In light of the foregoing, at this stage, it appears that Plaintiff has alleged sufficient facts to state claims for relief under the FCRA and the FDCPA.

Plaintiff's remaining claims should be dismissed.  Notably, Plaintiff attempts to assert that she is not challenging or seeking reversals of the prior state court eviction, however, Plaintiff's ADA and FHA claims relate to the eviction proceedings and seek to invalidate that decision.  Thus, Plaintiff purports to challenge the final order or judgment of the state-court in the eviction cases.  As such, this Court lacks jurisdiction to hear his claims under the *Rooker-Feldman* doctrine, which "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks omitted). "[A] federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments." *Higgs v. Dupuis*, No. 5:19 CV 192, 2021 WL 2270707, at *2 (W.D. Ky. June 3, 2021); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) ("A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States."). "Plaintiff cannot seek to undo the outcome of the state court eviction proceeding in this Court." *Higgs*, 2021 WL 2270707, at *2. *See also Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 490 (6th Cir. 2005) (affirming dismissal of a plaintiff's claims resting on premise that state foreclosure judgment was invalid). *Taylor v. San Cristian LLC*, No.

6

1:25-CV-985, 2025 WL 2172258, at *3 (N.D. Ohio July 31, 2025).

Despite Plaintiff's assertions to the contrary, because Plaintiff's Fair Housing Act and ADA claims are essentially an appeal of the state court's eviction order, this Court lacks jurisdiction over this claim pursuant to the *Rooker-Feldman* doctrine.

Next, Plaintiff's amended complaint asserts a claim for Intrusion Upon Seclusion under Ohio Common Law.  In this regard, Plaintiff asserts that Defendants or their agents disclosed or played recordings of Plaintiff's private communications to third parties without consent.  Plaintiff alleges that such conduct was intentional, highly offensive, and unrelated to legitimate business purposes. Purportedly in support of this claim, Plaintiff attached messages with "Charlotte" which references noise in her home and notes that "the property manager played a recording of me yelling while talking on my phone." (Doc. 9 at Ex. C).

A cause of action for invasion of privacy based upon the wrongful intrusion upon a person's seclusion includes:

(1) The right of privacy is the right of a person to be let alone, to be free from unwarranted publicity, and to live without unwarranted interference by the public in matters with which the public is not necessarily concerned.

(2) An actionable invasion of the right of privacy is the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.

*Sustin v. Fee*, 69 Ohio St. 2d 143, 145, 431 N.E.2d 992, 993 (1982).

Plaintiff fails to allege any facts in support of this claim. Notably, the messages are not dated and the identities of the sender and recipients are unclear.  Nor is there any indication any private information was made public.  Accordingly, Plaintiff fails to state a

7

claim for relief in this regard.

Plaintiff's complaint also asks for declaratory and injunctive relief, including a temporary restraining Order.  Plaintiff's request here is not well-taken.

A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distribs. of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)). "When ruling on a motion for a preliminary injunction, a district court must consider and balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Blue Cross & Blue Shield Mut. of Ohio v. Columbia/HCA Healthcare Corp.*, 110 F.3d 318, 322 (6th Cir. 1997) (citations omitted).

This same four-factor analysis applies to both a preliminary injunction and a motion for a TRO. *See Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004). However, a TRO may issue only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1) (emphasis added).

On the record presented, Plaintiff has demonstrated none of the factors required to obtain a temporary restraining order or other preliminary injunctive relief. Notably, she has failed to demonstrate a substantial likelihood of success on the merits of her FCRA

9

or FDCPA claims.

For these reasons, it is **THEREFORE RECOMMENDED THAT:** (1) The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), with the exception of Plaintiff's Fair Credit Reporting Act and Fair Debt Collection Practices Act claims; (2) Plaintiff's request for injunctive relief be **DENIED**; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

Case: 1:26-cv-00015-JPH-SKB Doc #: 13 Filed: 04/08/26 Page: 10 of 11  PAGEID #: 455

10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROSALIND HOLMES,                                    Case No. 1:26-cv-15

        Plaintiff,

                                      Hopkins, J.
  vs.                                                   Bowman, M.J.

LANDINGS AT BECKET RIDGE
HILLS PROPERTIES, LLC, et al.,

        Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11